UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN 28 2002
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

TERRY A. NORTON, et al.,                )
                                        )
            Plaintiffs,                 )
                                        )
       v.                               )    No. 4:02-CV-938-SNL
                                        )
BOB HOLDEN, et al.,                     )
                                        )
            Defendants.                 )

### ORDER AND MEMORANDUM

This matter is before the Court for review pursuant to 28 U.S.C. § 1915A, as well as Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

Plaintiffs Terry A. Norton, Michael Spence, and David B. White (inmates at the Farmington Correctional Center), as well as Jyl Janoski and Faye Spence (non-prisoner Missouri residents) seek class action status on the basis that they are "a class of Missouri taxpaying citizens and Missouri inmates, on behalf of ALL Missouri taxpaying citizens and United States Taxpaying Citizens (U.S. Government), and ALL Missouri inmates, by and through their NEXT FRIEND, identified as Terry A. Norton." Having carefully considered plaintiffs' request, the Court concludes that plaintiffs have not satisfied the prerequisites to maintaining a class action. See Fed. R. Civ. P. 23(a) and (b). As such, the instant action

#8

shall not be maintained as a class action.

Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiffs seek monetary, declaratory, and injunctive relief in this action against defendants Bob Holden, Jeremiah W. Nixon, Matt Blunt, Nancy Farmer, Denis Agniel, William F. Potter, George A. Lombardi, Gary B. Kempker, James F. Labundy, James Purkett, and the State of Missouri. Plaintiffs bring this action for violations of 42 U.S.C. §§ 1981, 1985(3), and 1986. In addition, they are suing on behalf of the United States under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, pursuant to the *qui tam*, or private action, provisions of the FCA. See 31 U.S.C. § 3730(b). Plaintiffs also assert state law claims of "fraud, filing false claims, bad faith, breach of contract, discrimination, failure to fulfill the covenants of the agreements, and conspiracy to defraud both the United States Federal government taxpaying citizens . . . and Missouri taxpaying citizens."

Plaintiffs Terry Norton, Michael Spence, and David White allege that they entered into "guilty plea agreement contracts" with the State of Missouri with "the expressed intent and belief that [they] would all be able to earn and receive 'GOOD TIME CREDIT' towards their 'Conditional Release' from prison." Plaintiffs allege that defendants breached their "guilty plea agreement contracts" by failing to fund and maintain the Missouri Sexual Offenders Program ("MOSOP") and Missouri Drug Treatment Programs ("MDTP"). Specifically, plaintiffs allege that defendants

conspired in "an elaborate scheme to defraud the Federal Government, into paying the cost of building new prisons." Defendants allegedly filed fraudulent claims with the United States Treasury Department for MOSOP and MDTP special therapists and bilingual treatment programs, and then misappropriated federal funding "received and ear marked for . . . MOSOP and MDTP, into the Missouri General Slush Fund, and then redirect[ed] said moneys into the Bonne Terre Prison Building Project Funds." Plaintiffs claim that defendants "prejudic[ed] [their] ability to earn any 'GOOD TIME CREDIT,'" because the MOSOP and MDTP programs were not properly funded and maintained.

In addition, plaintiffs allege that defendants "aid[ed] in the cover-up of the confession" of another inmate that was made in MOSOP group therapy and subsequently released the inmate "without any prosecution." Plaintiff Norton further alleges that he was unlawfully terminated from MOSOP for breaching group confidentiality, which affected his mandatory conditional release date. Plaintiff Michael Spence claims that defendants failed "to timely place [him] in the MOSOP treatment program." Plaintiffs claim that their continued incarceration is "costing the taxpaying citizens of the State of Missouri . . . $22,000.00 annually."

Plaintiffs Faye Spence and Jyl Janoski claim a "common equitable and liberty interest, and also a[n] equal protection interest, to insure that all state officials are performing their

4

sworn oath of office." They seek to "retrieve any public tax revenue funds that . . . are being expended illegally" and to remedy the breach of all guilty plea agreements which allegedly result "in the form of extended prison terms for these well behaved inmates."

**Title 42 U.S.C. § 1981 claims**

Title 42 U.S.C. § 1981 provides in pertinent part:

> All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a claim under § 1981, plaintiffs must demonstrate that defendants purposefully and intentionally discriminated against them on the basis of race. See General Bdg. Contractors Ass'n v. Pennsylvania, 458 U.S. 374, 391 (1982); Edwards v. Jewish Hosp., 855 F.2d 1345, 1351 (8th Cir. 1988). Nothing in plaintiffs' complaint indicates that any action taken by defendants was motivated by purposeful race discrimination. As such, plaintiffs' § 1981 claims will be dismissed as legally frivolous.

**Title 42 U.S.C. §§ 1985(3) and 1986 claims**

Title 42 U.S.C. § 1985(3) provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such

5

> injury or deprivation, against any one or more of the conspirators.

To establish a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Plaintiffs' allegations are insufficient to establish that defendants were motivated by purposeful discrimination. Furthermore, nothing in the complaint indicates that plaintiffs are members of a protected class within the meaning of § 1985(3). As such, plaintiffs' § 1985(3) claims will be dismissed as legally frivolous.

Because a 42 U.S.C. § 1986 action is dependent upon the existence of a § 1985 claim, plaintiffs' § 1986 claims are also frivolous. See McIntosh v. Arkansas Republican Party-Frank White Election Committee, 766 F.2d 337, 340 (8th Cir. 1985).

**Title 31 U.S.C. § 3729 claims**

Under the False Claims Act, any person who defrauds the United States government is liable for civil penalties. 31 U.S.C. § 3729(a). The FCA permits civil *qui tam* actions by private persons, known as relators, who sue on behalf of the government as well as themselves. Id. § 3730(b). When bringing a *qui tam*

action, relators must comply with certain procedural requirements:

> A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

Id. § 3730(b)(2). In the instant case, there is no indication that plaintiffs have served the Government with a copy of the complaint and written disclosure of material evidence. Moreover, when plaintiffs filed the instant action, they did not arrange for the complaint to be filed in camera; and similarly, the complaint itself does not indicate that it should be filed under seal. Plaintiffs have not assured that the complaint was properly filed and, in fact, the case was filed on the open docket.

"Failure to comply with these [§ 3730(b)(2)] mandatory threshold requirements warrants dismissal of the *qui tam* complaint with prejudice, which bars the *qui tam* plaintiff from refiling such a suit, but leaves the government free to bring suit on its own." United States ex rel. Stevens v. State of Vt. Agency of Natural Resources, 162 F.3d 195, 200 (2d Cir. 1998), rev'd on other grounds, Vermont Agency of Natural Resources v. United States ex re. Stevens, 529 U.S. 765 (2000); United States ex rel. Pilon v. Martin Marietta Corp., 60 F.3d 995, 999-1000 & n.6 (2d Cir. 1995) (same; failure to comply with service and filing requirements

7

mandated by § 3730(b)(2) "incurably frustrated" statutory purpose). Given plaintiffs' failure to comply with § 3730(b)(2), their *qui tam* claims will be dismissed, with prejudice.[1]

**State law claims**

Having found plaintiffs' claims under 42 U.S.C. §§ 1981, 1985(3), and 1986, and 31 U.S.C. § 3729 to be legally frivolous, the Court will not exercise supplemental jurisdiction over the aforementioned state law claims. See 28 U.S.C. § 1367(c)(3); Hassett v. Lemay Bank and Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988).

Last, the Court notes that to the extent plaintiffs Terry Norton, Michael Spence, and David White, seek "their immediate release from prison," they actually are attacking the validity of the fact or length of their confinement. "[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). As such, plaintiffs' claims for release from prison would have to be brought in an action seeking a writ of habeas corpus under 28 U.S.C. § 2254, following exhaustion of state remedies.

---

[1] The Court has not considered, and renders no opinion, on standing issues under Article III, see Vermont Agency of Natural Resources v. United States ex re. Stevens, 529 U.S. 765 (2000); or on jurisdictional issues regarding "public disclosure" and "original source," see United States ex rel. Biddle v. Board of Trustees of Leland Stanford, Jr. University, 161 F.3d 533, 535-41 (9th Cir. 1998); 31 U.S.C. § 3730(e)(4)(A).

8

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' request to maintain the instant action as a class action is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will **DISMISS** the instant complaint, because it is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915A(b).

**IT IS FURTHER ORDERED** that plaintiff's claims under 42 U.S.C. §§ 1981, 1985(3), and 1986 are **DISMISSED,** without prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' *qui tam* claims under 31 U.S.C. § 3729 are **DISMISSED,** with prejudice.

**IT IS FURTHER ORDERED** that the Court will not exercise supplemental jurisdiction over plaintiffs' state law claims, and thus, said claims are **DISMISSED,** without prejudice.

An appropriate order shall accompany this order and memorandum.

Dated this 28th day of June, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

9

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 07/01/02 by stomlins
               4:02cv938    Norton vs Holden

42:1983 Prisoner Civil Rights

IF THIS IS A FINAL JUDGMENT YOU MUST SEND THE APPEAL PROCESS LETTER AND AN APPEAL PACKET TO PLAINTIFF.


Jyl Janoski -
609 Lynn Haven
Hazelwood, MO  63042


Terry Norton -
#535694
Farmington Correctional Ctr
FCC
1012 W. Columbia
Farmington, MO  63640


Faye Spence -
609 Lynn Haven
Hazelwood, MO  63042


Michael Spence -
#523098
Farmington Correctional Ctr
FCC
1012 W. Columbia
Farmington, MO  63640


David White -
#507836
Farmington Correctional Ctr
FCC
1012 W. Columbia
Farmington, MO  63640

SCANNED & FAXED BY:
JUL - 1 2002
DJO